Henry McClughan v. W. B. Cundiff.

**Sale of Real Estate—Vendor's Lien—Renewal of Lien Notes.**

> A vendor, who in his conveyance of real estate retains a lien for the balance of purchase money, does not lose his lien by taking new notes. The lien goes with the debt into the hands of its owner and the assignment of such notes carries with it such lien.

APPEAL FROM BULLITT CIRCUIT COURT.

November 13, 1878.

Opinion by Judge Elliott:

H. A. Mooney sold a tract of land to the two McClughans and conveyed it to them, reserving a lien for the five annual payments of $600 each.

Three of the notes evidencing Mooney's claim were assigned to appellant, and all of the two notes which he retained were paid except $200, and he thereupon surrendered the two notes of $600 each first due on the land to W. M. McClughan, Sr., who then owned all the land for which they were executed, and as there was a balance due on them for $200 he took McClughan's note for this sum, payable at a certain time and place in cord wood.

Soon after its execution this note was sold and transferred to appellee. After the execution of this $200 note, W. M. McClughan sold and conveyed to appellant the land he had bought from Mooney in payment of the three notes for the purchase money held by him, and at the time of this sale to McClughan by McCubbin the evidence conduces to prove that McCubbin represented that the notes due to McClughan were all that he owed on the land.

But the evidence of McCubbin and Straus both conduce to prove that appellant knew before McCubbin conveyed to him that the $200 note was not paid, and that appellee claimed that he had an enforcible lien on the land for payment.

We do not think that Mooney lost his lien by taking a new note for the balance of the purchase money secured by the deed to McCubbin. The modern doctrine is that the lien goes with the debt into the hands of its owner, and, as appellee purchased the note and the same was assigned to him, the lien passed to him with the note.

As the court of equity could alone enforce this lien, the equitable action was proper; and as neither of the parties asked that the damages be assessed by a jury, the chancellor had a right to assess them, and he fixed the balance of the claim at its true amount under the proof.

Although it is doubtful as to whether appellee could recover and enforce his lien by virtue of the lien reserved in the deed of Mooney to McCubbin, still we think from the evidence that appellant, before his purchase, had actual notice of this claim, and this relieves this court of a close examination of the question of appellee's right to enforce the lien without proof of actual notice of it brought home to appellant.

Wherefore the judgment of the lower court is *affirmed*.

*R. J. Meyler, for appellant.   F. P. Straus, for appellee.*